```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

HOPE MILL VILLAGE ASSOCIATES, LLC   :    BK No. 08-12568
            Debtor                           Chapter 7
- - - - - - - - - - - - - - - - - -x
VINCENT R. COCCOLI, SR.             :
            Plaintiff
vs.                                 :    A.P. No. 10-1015

JOSEPH S. IZZI                      :
ROBERT LAFERRIERE
LAWRENCE LABONTE                    :
NELSE CLARK
NEW ENGLAND DEVELOPMENT &           :
FUNDING, LLC
THE STATE OF RHODE ISLAND           :
RHODE ISLAND DIVISION OF TAXATION
RHODE ISLAND DEPARTMENT OF REVENUE  :
RHODE ISLAND HISTORICAL
PRESERVATION & HERITAGE COMMISSION  :
            Defendants
- - - - - - - - - - - - - - - - - -x
```

### DECISION AND ORDER DISMISSING COMPLAINT AS TO DEFENDANTS LABONTE, CLARK, AND NEW ENGLAND DEVELOPMENT & FUNDING, LLC

APPEARANCES:

    Vincent R. Coccoli,
    Pro Se
    290 Larchwood Drive
    Warwick, Rhode Island 02903

    Joseph DeAngelis, Esq.
    John T. Mulcahy, Esq.
    Attorneys for Defendants Lawrence LaBonte, Nelse Clark, and
     New England Development & Funding LLC
    ADLER POLLOCK & SHEEHAN P.C.
    One Citizens Plaza, 8th Floor
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 08-12568; A.P. No. 10-1015

Heard on ("Defendants") Lawrence LaBonte's and Nelse Clark's Motion to Dismiss a Complaint filed against them by Pro Se Plaintiff Vincent R. Coccoli, Sr. ("Coccoli").

## **TRAVEL AND BACKGROUND**

Coccoli initiated this litigation by bringing the instant Adversary Proceeding on March 17, 2010, alleging fraud, breach of contract, and other bad things done to him by the named defendants.[1] Labonte and Clark moved for dismissal, raising defenses under Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, and (b)(2) lack of personal jurisdiction, made applicable by Fed. R. Bankr. P. 7012, as well as Rule 7008 – failure to identify the jurisdictional basis for the relief sought.[2] At the prior dismissal hearing,[3] the motion was denied as moot, when it was learned that Coccoli had, in the interim, filed an Amended Complaint.

Coccoli's Amended Complaint has all of the infirmities of its predecessor. It is vaguely written in classic pro se style, alleging in narrative form many disparate, rambling grievances

---

[1] Similar causes of action were brought against the other named Defendants, as well as one styled as a "Foreclosure Action" against Defendant Joseph Izzi.

[2] The initial Motion to Dismiss also included as a movant, Defendant New England Funding & Development, LLC. The renewed motion was filed only on behalf of Defendants LaBonte and Clark.

[3] That Motion was heard by the Honorable Henry J. Boroff, sitting by designation.

against various people and entities.  The amended allegations refer to projected profits not realized, and damages resulting from the failed development of the Hope Mill Village Associates, LLC project, the Debtor in the main case.  Coccoli, at one time the "Managing Member," of the Debtor,[4] asserts that LaBonte and Clark "fraudulently misrepresented a consulting agreement, promise of funds for said agreement, and fraudulently conveyed Purchase and Sales Agreement."  He states that the subject property is "located at 12 Mill Way, Scituate, RI (Assessor's Plat 5, Lot 107)," and references 11 U.S.C. § 523(a)(2) ("false pretenses, false representation, actual fraud)."[5]  Also, Coccoli demands:  (1) reaffirmation of his "rights & interests through assignment to the Scituate inter-municipal sewer agreement"; (2) "$100,000 fee (reimbursement) for Consulting Agreement" which was attached to the complaint;  and (3) "25% of the gross amounts of the State Historic Tax Credits per-Consulting Agreement."

In their Motion to Dismiss the Amended Complaint, Defendants Labonte and Clark argue that Coccoli's attempt to amend his

---

[4] Pursuant to this Court's Order dated January 7, 2010, the Debtor's assets were sold by the Chapter 11 Trustee.

[5] None of the Defendants in this Complaint are debtors in this case.  Therefore, any reference to Code sections referring to the dischargeability of debts is unconnected and irrelevant.

BK No. 08-12568; A.P. No. 10-1015

Complaint by adding the Rhode Island Department of Revenue[6] and the State Historic Commission, but failing to name said entities as Defendants, justifies dismissal as to them (LaBonte and Clark). That observation is at best described as "lame," and needs no further discussion or attention. Their jurisdiction argument has more merit and appeal.

Bankruptcy Court jurisdiction, which is derived from 11 U.S.C. § 157, provides that the district court may refer to the Bankruptcy Court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to any case under title 11." Section 157(b)(2) contains an illustrative, but not exhaustive, list of core proceedings. None of Coccoli's allegations bring this Complaint within that list,[7] or any reasonable extension of it, and I conclude that this Adversary Proceeding is not a core matter. The only other basis for this litigation to be in this Court, then, is if it were a *related proceeding*. To be so construed, the result(s) of the dispute must "'potentially have some effect on the bankruptcy estate, such as altering the debtor's rights,

---

[6] Coccoli's Complaint against the Rhode Island Department of Revenue was dismissed on September 3, 2010 [Doc. No. 86], for lack of subject matter jurisdiction.

[7] Coccoli's references to a dischargeability action under §523(a)(2)regarding false representations or false pretenses do not make this a core proceeding, since neither defendant is a debtor and thus not subject to § 523.

3

BK No. 08-12568; A.P. No. 10-1015

liabilities, options, or freedom of action, or otherwise... [affecting]...the bankrupt estate." *In re G.S.F. Corp*, 938 F.2d 1467, 1475 (1st Cir. 1991)(quoting *In re Smith*, 866 F.2d 576, 580(3d Cir. 1989)).[8]

Coccoli also seeks recovery for alleged breach of a consulting agreement, Exhibit 3, which purports to be between Coccoli as "CONSULTANT," and an "APPLICANT" who is unnamed. The undated document is signed by LaBonte as "Duly Authorized," presumably for the "APPLICANT," and appoints Coccoli as "CONSULTANT" to be the "sole and exclusive representative to process and negotiate the APPLICANT'S purchase and sale of The Hope Mill ... located at One Main Street, Hope, Rhode Island." It provides that Coccoli be paid $100,000 "upon execution" of the Agreement, and also says that Coccoli as "Consultant" is not to be deprived of the "agreed fee...[even]...if APPLICANT subsequently obtains ownership of said Hope Mill from a source other than CONSULTANT."

In essence the alleged consulting agreement is a self serving, undated brokerage and/or finder's fee arrangement between parties (one unnamed), neither of whom was authorized, after the debtor

---

[8] Even if it were a related proceeding, the bankruptcy court is authorized only to submit findings of fact and conclusions of law to the district court, which, after review, would either approve, modify, or reject this Court's proposed findings and conclusions, and then enter final judgment.

4

Case 1:10-ap-01015 Doc 110 Filed 03/16/11 Entered 03/16/11 15:54:00 Desc Main
Document    Page 6 of 8

BK No. 08-12568; A.P. No. 10-1015

filed for bankruptcy, to sell the Hope Mill Village, LLC property.[9] Even if the agreement did create certain state law rights vis-a-vis Coccoli and the unnamed Applicant, nothing therein deals with the debtor, and nothing about it has or will affect the administration of the estate.[10] Therefore, the Agreement cannot be the basis for "related to" jurisdiction.

As for the "false representations" allegation, Coccoli obliquely refers to yet another unidentified agreement "to accomplish a transfer [of] the property located at 12 Mill Way Scituate, RI (Assessor's Plat 5, Lot 107)," and attaches the Chapter 11 Trustee's Petition to Sell, and the Asset Purchase Agreement ("APA") as Exhibit 9 of the Complaint. While the APA describes the real estate that was sold by the Trustee, the parcel referenced in Coccoli's Complaint does not appear to be property of the estate. The Trustee's Petition to Sell, ¶ 25, references an adjacent property, known as the "Izzi Parcel," not being sold by the Trustee, as owned by Coccoli and subject to a separate purchase arrangement unrelated to the bankruptcy sale. Accordingly, any causes of action regarding the "Izzi Parcel" are not "related to" this bankruptcy

---

[9] The Chapter 11 trustee did sell estate property, after obtaining Court approval.

[10] The Court expresses no opinion as to the validity or enforceability under Rhode Island of the Consulting Agreement.

5

BK No. 08-12568; A.P. No. 10-1015

case and, therefore, are not within this Court's *subject matter* or *related to* jurisdiction.

Finally, Coccoli seeks "Reaffirmation...[of his]...rights & interests through assignment to the Scituate inter-municipal sewer agreement." In this, Coccoli seeks to enforce alleged rights, not against the bankruptcy estate, but against non-debtor parties, with no indication that they have any connection with this estate. Again, nothing in the record suggests that this is a "related to" matter.

Whether a party affirmatively challenges jurisdiction, or the court fulfills its "obligation to inquire sua sponte into its subject matter jurisdiction," the command of the First Circuit Court of Appeals is "to proceed no further if such jurisdiction is wanting." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988). Therefore, for the reasons discussed herein, together with the authorities cited, the Renewed Motion to Dismiss the Amended Complaint as to Defendants Clark and LaBonte is **GRANTED**, for lack of subject matter jurisdiction.

Finally, as housekeeping, because the Renewed Motion to Dismiss was brought only by these two Defendants, the Complaint against New England Development & Funding, LLC ("Funding") remains. The allegations in the Complaint against "Funding," however, are identical to those which the Court has addressed as against Clark

6

BK No. 08-12568; A.P. No. 10-1015

and LaBonte.  And Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added.) In the interest of clearing the docket of unnecessary entries, and in aid of bringing this meritless litigation to substantive and procedural closure, Coccoli's claim against New England Development & Funding, LLC is also **DISMISSED**,[11] this time, with prejudice.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this    16th       day of March, 2011.

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 3/16/11

---

[11] Coccoli's Complaint against the Rhode Island Department of Revenue was dismissed on September 3, 2010 [Doc. No. 86], on the ground of lack of subject matter jurisdiction.

7